IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM ARNETT HALL, | § | |
| TDCJ #422365, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1910 |
| | § | |
| HOUSTON POLICE DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER ON DISMISSAL

The plaintiff, William Arnett Hall, is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Hall is *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

## I.     BACKGROUND

Hall alleges that he was "illegally and unconstitutionally restrained" on Sunday, November 17, 1985, by officers employed by the Houston Police Department. Hall avers that he was a passenger in a friend's car when four officers "rushed from their patrol cars with shot guns and pistols drawn and aimed directly at [Hall's] head and face . . . ." Hall was handcuffed, searched, and placed in the back of a police car. Hall states that the police then took him to a restaurant where he was identified by a woman and then taken to jail.

Hall contends that his identification was improperly obtained by the officers and that he was subjected to an unconstitutional "warrantless arrest." He seeks damages from the defendants in the amount of $300.00 for each day that he was detained from November 17, 1985, through May 12, 1986.[1] The Court concludes, however, that Hall's complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

---

[1]    Hall does not disclose the nature of the offense for which he was arrested or whether he was convicted of that offense. The Court takes judicial notice that Hall was convicted of sexual assault on May 12, 1986, and that he received a life sentence. *See Hall v. State*, 1987 WL 15049, No. B14-86-368-CR (Tex. App.—Houston [14th Dist.] 1987, no pet.); *Hall v. State*, 1989 WL 31758, No. C14-87-00933-CR (Tex. App.—Houston [14th Dist.] 1989, no pet.).

A complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

## III.   DISCUSSION

Hall's complaint fails because his claims are untimely. Hall's complaint references incidents that occurred, if at all, almost twenty years ago in 1985. Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). This means that once the above-referenced claims accrued the plaintiff had two years to file a civil rights complaint concerning these allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Hall's complaint was signed on May 26, 2005, which is well outside the two-year limitations period for the allegations which form the basis of his claims. Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Because Hall clearly waited more than two years to file suit from the time these claims accrued, the above-referenced claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as barred by the statute of limitations. *See Gartell*, 981 F.2d at 256.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.   The plaintiff's request for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2.   The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of William Arnett Hall (TDCJ #422365) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($250.00) has been paid.

3.   The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), as frivolous.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **June 2, 2005**.

Nancy F. Atlas
United States District Judge